**Michael R. Marrinan (CSB 90484)**
Law Offices of Michael R. Marrinan
501 W. Broadway, Suite 1510
San Diego, CA 92101
Tel: (619) 238 - 6900
Fax: (619) 615-2264
Email: mrmarrinan@aol.com

**Thomas E. Robertson (CSB 262659)**
Law Office of Thomas E. Robertson
501 W. Broadway, Suite 1510
San Diego, CA 92101
Tel: (619) 544 - 9911
Fax: (619) 615-2264
Email: thomas@robertsonSDlaw.com

Attorneys for Plaintiff Tonino Russo

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TONINO RUSSO, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SAN DIEGO; LISA RAMIREZ; and DOES 1-10, <br><br> Defendants. | Case No.: **'18 CV 1837 MMA MDD** <br><br> **COMPLAINT FOR DAMAGES BASED ON:** <br><br> 1. **42 U.S.C. § 1983 (4th Amend.) Excessive Force** <br><br> 2. **Cal. Civ. Code § 52.1** <br><br> 3. **Negligence** <br><br> **DEMAND FOR JURY TRIAL** |

This case arises from law enforcement's use of excessive force on an unarmed man who was complying with the deputies' commands. Plaintiff alleges the following:

//

//

## **JURISDICTION AND VENUE**

1.      This is a lawsuit for money damages under 42 U.S.C. § 1983, et seq., for the violations of Plaintiff's federal constitutional rights.  Jurisdiction arises under 28 U.S.C. §§ 1331 and 1343.

2.      The incident took place in Poway, California.  Venue in this Court is proper under 28 U.S.C. § 1391(b).

3.      Plaintiff filed a timely government tort claim against the County of San Diego within six months of the incident. The County denied the tort claim on February 12, 2018.

4.      The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

## **PARTIES**

5.      Plaintiff Tonino ("Tony") Russo is a 47-year-old man who resides in Poway, California.

6.      Defendant Lisa Ramirez was, at all relevant times, an employee of Defendant County of San Diego, working as a San Diego County Sheriff's Deputy. Defendant Ramirez performed the relevant acts within the course and scope of her employment.  Defendant Ramirez performed those acts under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Defendant Ramirez is sued in her individual capacity as to the federal cause of action under section 1983.

7.      Defendant County of San Diego is a public entity existing under the laws of the State of California and was the employer of Defendant Ramirez at all times relevant to this lawsuit.

8.      Upon information and belief, additional employees of Defendant County of San Diego are also liable for the harm to Plaintiff.  At all relevant times, Does 1-10 were employees of Defendant County of San Diego and performed the

relevant acts within the course and scope of their employment.  Does 1-10 performed those acts under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California.  Does 1-10 are sued in their individual capacities (as to the federal cause of action under section 1983) and as employees of Defendant County of San Diego (as to the state law claims). Plaintiff does not currently know the names of Does 1-10.  Plaintiff will amend this Complaint to identify the individuals after learning their identities.

## FACTUAL ALLEGATIONS

9.     On August 18, 2017, sheriff deputies responded to Plaintiff Tony Russo's residence after receiving a report of a disturbance inside the home.  Russo is a father of three young children.  He was living with his fiancée, who is the mother of Russo's children.

10.     When deputies arrived, Russo was already standing outside.  Deputies asked Russo to walk across the street and stand next to a patrol vehicle.  Russo immediately complied.

11.     While Russo waited outside, Defendant Deputy Ramirez went inside the home and interviewed the fiancée.  During this time, Russo and a nearby deputy had a normal, polite conversation.

12.     When Defendant Ramirez exited the home, she crossed the street and approached Russo.  Ramirez ordered Russo to turn around and place his hands on the patrol vehicle.  Russo complied.

13.     Ramirez then stated Russo was under arrest and, without warning, yanked one of Russo's arms behind his back.  Russo felt pain, but did not resist. Due to Russo's size, however, Ramirez struggled to pull both of Russo's arms all the way behind his back.  Russo weighed over 300 pounds and lacked sufficient flexibility in his upper body.  Ramirez applied more force, causing significant pain in Russo's shoulders.  Worried about serious injury, Russo asked Ramirez to use two sets of handcuffs.

14.     Ramirez refused.  Instead, she forced Russo into the single set of handcuffs behind his back, increasing the pain in Russo's shoulders.  Ramirez then clamped down the handcuffs until there was no space between the metal and Russo's skin, causing immediate pain in Russo's wrists.  Russo stated the handcuffs were too tight, but Ramirez neither checked nor adjusted the cuffs.

15.     Next, Defendant Ramirez and at least one other deputy attempted to shove Russo into the back of the patrol car.  Russo remained fully compliant, but due to his size and the tight space in the back of the patrol car, the deputies struggled to get Russo into the vehicle.  They pushed harder and harder on Russo's shoulders, neck, and head in an effort to move him further inside the vehicle.  Despite Russo's cries of pain, the deputies roughly removed him from the vehicle several times and shoved him back him.  Eventually, Russo ended up in a semi-prone position in the back seat with his right shoulder pinned in the area where a passenger's legs would normally be positioned.

16.     Russo's shoulder was in excruciating pain.  His hands and wrists were experiencing numbness, and his body was breaking into a sweat.  Russo yelled out for help but no deputy checked on him.

17.     After approximately 20 to 30 minutes, an ambulance arrived.  Paramedics evaluated Russo and determined he needed medical attention.  They took Russo to the hospital.

18.     At the hospital, the tightness of the handcuffs alarmed the doctors, who directed the deputies to immediately remove the handcuffs.  Both of Russo's wrists had deep cuts in the area where the handcuffs had been.

19.     After receiving treatment at the hospital, Russo was taken to jail and booked into custody.

20.     The next day, Russo was released from custody after his father posted bail.  Russo called his fiancée's father, who invited Russo to the house to pick up some personal items, such as his wallet and phone.  Russo and his father drove to

the house, but the personal items could not be found.  They drove away in hopes of retrieving the items at a later time.

21.     As they were leaving the neighborhood, Russo and his father were pulled over by sheriff deputies.  The deputies ordered Russo out of the car, and he complied.

22.     Deputies accused Russo of violating a "stay away" order that was entered the previous day.  Russo was surprised by the accusation; he had not yet received notice of the order.

23.     One of the deputies placed Russo under arrest.  Russo showed the deputy the cuts on his wrists and again asked for an alternative to a single set of handcuffs.  The deputy refused, clamping down the handcuffs to the point of causing substantial pain on the preexisting wounds.  And again, Russo informed the deputies that the handcuffs were causing extreme pain in his shoulders.

24.     Putting Russo in the police car presented the same problem as the previous day.  Russo was too big to enter and sit down with his arms cuffed behind his back.  The deputies again pushed Russo into the car with substantial force.  They put significant pressure on his head, bending it forward and causing pain and injury to his neck.  During the entire encounter, Russo had been fully compliant.

25.     The deputies booked Russo into jail without medical attention.  After being released on bail, Russo sought medical treatment, which is ongoing.

26.     As a result of the deputies' conduct, Russo has suffered serious injury to his wrists, shoulders, and neck.  After providing months of more conservative treatment to no avail, doctors have recommended surgery on Russo's right shoulder and neck.  Russo's right wrist continues to experience substantial numbness.  And in addition to his physical injuries and pain, Russo has experienced humiliation and emotional distress.

//

//

# FIRST CAUSE OF ACTION
## Excessive Force – 4th Amendment – 42 U.S.C. § 1983
### (Against Defendant Ramirez)

27.     Plaintiff realleges and incorporates by reference the paragraphs stated above.

28.     At all times when Defendant Ramirez used force, Russo was unarmed and fully compliant.  Ramirez knew that her use of force, including the use of overly tight handcuffs, was causing significant pain to Russo.  Despite that knowledge, Ramirez neither checked nor adjusted the handcuffs.  The totality of the force Ramirez used on Russo was unreasonable, unjustified, and excessive.  Ramirez used this excessive force under color of law, which constituted an unlawful seizure in violation of Russo's rights under the Fourth Amendment to the U.S. Constitution.

29.     As a proximate result of this excessive force, Russo suffered the harm set forth in Paragraph 26.  Russo is entitled to compensatory damages, under 42 U.S.C. § 1983, in an amount to be proven at trial.

30.     Russo is further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

31.     In committing the acts alleged above, Defendant Ramirez acted maliciously and with a wanton and reckless disregard for Russo's rights.  As a result, Russo is entitled to punitive damages in an amount to be proven at trial.

# SECOND CAUSE OF ACTION
## Violation of Cal. Civ. Code § 52.1 – Bane Act
### (Against All Defendants)

32.     Plaintiff realleges and incorporates by reference the paragraphs stated above.

COMPLAINT FOR DAMAGES

33.     Based on these allegations, Defendant Ramirez interfered with Russo's constitutional right to be free from unreasonable seizure, as guaranteed by the Fourth Amendment of the U.S. Constitution.  By knowingly inflicting substantial pain on a fully-compliant citizen without justification, Ramirez committed the constitutional violation by intimidation and coercion.

34.     Defendant Ramirez knew Russo was in substantial pain, yet intentionally inflicted additional pain without justification.  Ramirez acted with reckless disregard of Russo's constitutional rights.

35.     Defendant Ramirez's unlawful conduct directly and proximately caused the harm described in Paragraph 26.  As a result, Ramirez violated section 52.1 of the California Civil Code.

36.     Defendant Ramirez was acting within the scope of her employment as a law enforcement officer of the San Diego County Sheriff's Department.  Thus, the statutory basis for Defendant County of San Diego's liability is California Government Code section 815.2, subdivision (a).  *Cameron v. Craig*, 713 F.3d 1012, 1023 (9th Cir. 2013).

37.     Russo is entitled to the following remedies against Defendant Ramirez and Defendant County of San Diego:  compensatory damages in an amount to be proven at trial; and statutory damages set forth by sections 52 and 52.1(b) of the California Civil Code.  These statutory damages include exemplary and treble damages.  Further, Plaintiff is entitled to recover his costs and attorney fees.

### THIRD CAUSE OF ACTION
**Negligence**
**(Against All Defendants)**

38.     Plaintiff realleges and incorporates by reference the paragraphs stated above.

39. Defendant Ramirez owed a duty of reasonable care to Russo, the individual in her custody. Based on the conduct alleged above, Ramirez breached that duty of reasonable care.

40. This negligence directly and proximately caused the harm identified in Paragraph 26.

41. Defendant Ramirez was acting within the scope of her employment as a law enforcement officer of the San Diego County Sheriff's Department. Thus, the statutory basis for Defendant County of San Diego's liability is California Government Code section 815.2, subdivision (a).

42. Russo is entitled to compensatory damages against both Defendant Ramirez and Defendant County of San Diego in an amount to be proven at trial.

43. Further, Defendant Ramirez acted with unnecessary, cruel, and despicable conduct and in wanton disregard for the civil rights, health, and safety of Russo. As a result, Russo is entitled to recover exemplary and punitive damages against Defendant Ramirez in an amount to be proven at trial.

//
//
//
//
//
//
//
//
//
//
//
//
//

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.  Compensatory damages, including both general and special damages;

2.  Punitive damages (against Defendant Ramirez only);

3.  Attorney fees;

4.  Costs incurred in this lawsuit;

5.  Prejudgment interest; and

6.  Other relief that the Court deems proper.


Respectfully submitted,

Dated:  August 3, 2018          */s/ Michael R. Marrinan*
                               Michael R. Marrinan (SBN 90484)
                               Attorney for Plaintiff

Dated:  August 3, 2018          */s/ Thomas E. Robertson*
                               Thomas E. Robertson (SBN 262659)
                               Attorney for Plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all causes of action.


Respectfully submitted,

Dated:  August 3, 2018          */s/ Michael R. Marrinan*
                               Michael R. Marrinan (SBN 90484)
                               Attorney for Plaintiff

Dated:  August 3, 2018          */s/ Thomas E. Robertson*
                               Thomas E. Robertson (SBN 262659)
                               Attorney for Plaintiff

COMPLAINT FOR DAMAGES