# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONINO RUSSO,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv1837-MMA (MDD)<br><br>**ORDER REQUIRING PLAINTIFF TO FILE APPLICATION TO PROCEED IN FORMA PAUPERIS AND TO SUBMIT SUPPLEMENTAL BRIEF RE: MOTION TO APPOINT PRO BONO COUNSEL** |

On November 7, 2019, Plaintiff Tonino Russo ("Plaintiff"), proceeding *pro se*, filed a motion to appoint pro bono counsel. *See* Doc. No. 30. The Court has conducted an initial review of Plaintiff's motion and finds that Plaintiff must submit additional documentation before the Court can rule on Plaintiff's request for pro bono counsel.

As a preliminary matter, appointment of pro bono counsel requires a showing of indigency. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Thus, the appointment of counsel first requires that Plaintiff has been determined eligible to proceed *in forma pauperis* ("IFP") due to his indigency. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the Court **ORDERS** Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239) before the Court can rule on his pending motion.

Additionally, while there is no constitutional right to counsel in a civil action, the Court may under "exceptional circumstances" exercise its discretion to request an attorney represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). When determining whether "exceptional circumstances" exist, courts consider: (1) the likelihood of success on the merits; and (2) the ability of the Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* Plaintiff does not address these considerations in his pending motion to appoint counsel. Accordingly, the Court **ORDERS** Plaintiff to file a supplemental brief addressing both his likelihood of success on the merits as well as his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.

## CONCLUSION

Based on the foregoing, Plaintiff must file on or before **December 20, 2019**:

1. A completed Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs); and

2. A supplemental brief addressing both Plaintiff's likelihood of success on the merits as well as his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved in this case.

Upon the submission of both documents, the Court will review Plaintiff's motion to appoint pro bono counsel and issue an order in due course. The Clerk of Court is instructed to mail Plaintiff a blank Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs) along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: November 12, 2019

HON. MICHAEL M. ANELLO
United States District Judge