**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONINO RUSSO,<br><br>                                  Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br><br>                                  Defendants. | Case No.: 18cv1837-MMA (MDD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>[Doc. No. 30] |

On November 7, 2019, Plaintiff Tonino Russo ("Plaintiff"), proceeding *pro se*, filed a motion to appoint pro bono counsel. *See* Doc. No. 30. The Court ordered Plaintiff to file supplemental information regarding whether he is indigent and whether "exceptional circumstances" warrant the appointment of pro bono counsel in this case. *See* Doc. No. 31. Plaintiff filed his supplemental brief on December 2, 2019, and his affidavit in support of his pending motion on December 6, 2019. *See* Doc. Nos. 33, 34. Defendants County of San Diego, Lisa Ramirez, and Hugh Davidson ("Defendants") filed a brief in opposition to Plaintiff's motion to appoint counsel. *See* Doc. No. 36. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 37. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to appoint counsel.

/ / /

## BACKGROUND

This action arises out of events occurring on August 18 and 19, 2017. On August 18, 2017, sheriff deputies responded to Plaintiff's residence after receiving a report of a disturbance inside the home. Russo is the father of three young children and was residing with his fiancée, the mother of his children, at the time.

Plaintiff alleges that Defendant Ramirez informed Plaintiff that he was under arrest and "yanked one of Russo's arms behind his back." FAC ¶ 14. Due to his size, Defendant Ramirez "struggled to pull both of Russo's arms all the way behind his back" as Plaintiff weighed over 300 pounds and "lacked sufficient flexibility in his upper body." *Id.* Plaintiff felt pain in his shoulders as a result. Defendant Ramirez "then clamped down the handcuffs until there was no space between the metal and Russo's skin, causing immediate pain to Russo's wrists." *Id.* at ¶ 15. Defendant Ramirez and another deputy attempted to put Plaintiff into the back of the patrol car. Plaintiff alleges he "ended up in a semi-prone position in the back seat with his right shoulder pinned in the area where a passenger's legs would normally be positioned." *Id.* ¶ 16. Plaintiff experienced "excruciating pain" in his shoulder and "numbness" in his hands and wrists. *Id.* ¶ 17. Plaintiff went to the hospital for medical treatment. After receiving medical treatment, Plaintiff was taken to jail and booked into custody.

The following day, Plaintiff was released from custody. Plaintiff alleges his fiancée's father invited him to the house to pick up personal items, including his wallet and phone. Plaintiff drove to the house with his father but could not locate his wallet and phone. As Plaintiff and his father were leaving the neighborhood, they were pulled over by sheriff deputies, including Defendant Davidson. The deputies ordered Plaintiff out of the car. Defendant Davidson "accused Russo of violating a 'stay away' order that was entered the previous day." *Id.* ¶ 23. Plaintiff claims he did not receive notice of the order. Defendant Davidson placed Plaintiff under arrest, "clamping down handcuffs to the point of causing substantial pain on the preexisting wounds." *Id.* ¶ 24. Plaintiff informed the deputies that the handcuffs were also causing extreme pain in his shoulders.

1  Plaintiff alleges Defendant Davidson then pushed Plaintiff into the police car with
2  substantial force, causing pain and injury to Plaintiff's neck. The deputies booked
3  Plaintiff into jail without medical attention. Upon his release, Plaintiff sought medical
4  treatment, which is ongoing.

Based on these allegations, Plaintiff asserts claims against Defendants for: (1) excessive force in violation of his Fourth Amendment rights under 42 U.S.C. § 1983; (2) interference with his rights under California Civil Code Section § 52.1; and (3) negligence. *See* Doc. No. 18 (hereinafter "FAC"). Plaintiff claims that as a result of the deputies' conduct, he has suffered serious injury to his wrists, shoulders, and neck.

## **PROCEDURAL HISTORY**

Dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, were due on August 23, 2019. No dispositive motions were filed. A trial date has not been set in this case. On August 27, 2019, Plaintiff's attorneys filed a motion to withdraw from his representation. *See* Doc. No. 23. The Court granted Plaintiff's motion. *See* Doc. No. 25. Plaintiff filed the instant motion on November 7, 2019, claiming he cannot afford counsel. *See* Doc. No. 30. Defendants oppose Plaintiff's motion.

## **DISCUSSION**

As set forth in the Court's November 12, 2019 Order, while there is no constitutional right to counsel in a civil action, the Court may under "exceptional circumstances" exercise its discretion to request an attorney represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). When determining whether "exceptional circumstances" exist, courts consider: (1) the likelihood of success on the merits; and (2) the ability of the Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

With respect to the likelihood of success on the merits, Plaintiff points out that no motion for summary judgment was filed in this case. *See* Doc. No. 33 at 2. Plaintiff

further claims that prior to the incident, he was very active in sports, but he currently has "extensive medical issues[.]" *Id.* at 3. Lastly, Plaintiff contends that "officers have contradicted their own testimony under oath." *Id.* Plaintiff's arguments are insufficient to demonstrate that he has a likelihood of success on the merits. First, while Plaintiff's likelihood of success on the merits increased when no motion for summary judgment was filed, Defendants contend that they did not file any dispositive motions "given the significant factual disputes created by Plaintiff's provocative deposition testimony[.]" Doc. No. 36 at 2; *see also Heilman v. Silva*, No. 13-cv-2984 JLS (AGS), 2017 WL 822164, at *3 (S.D. Cal. Mar. 2, 2017) (noting that the court's prior finding that the plaintiff's likelihood of success on the merits increased when the court denied in part the defendants' motion for summary judgment "does not obligate the Court to appoint new counsel."). Second, Plaintiff cites to no evidence of his extensive medical issues in support of his contentions and fails to explain how the officers' contradicted testimony supports his likelihood of success at trial. Rather, Defendants maintain that the causal link between Plaintiff's claimed injuries and the underlying events was "annihilated by the medical evidence," which was "likely a factor in his former attorneys' ultimate decision to exit this litigation." *Id.* at 4. Thus, in the absence of any evidentiary record before the Court, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits.

Regarding Plaintiff's ability to articulate his claims *pro se* in light of the complexity of this case, Plaintiff states that he worries about presenting information concerning his health issues and expert testimony "which are crucial in this case." Doc. No. 33 at 3. Plaintiff also claims that he does not know how to present information that the officers contradicted their own testimony. *See id.* While the Court is sympathetic to Plaintiff's unfamiliarity with trial procedures, the appointment of counsel requires more than simply demonstrating the "difficulties which any litigant would have in proceeding pro se." *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The jury will ultimately be tasked with deciding a relatively straightforward legal question: was

Plaintiff subjected to excessive force during his arrests? Several courts have found similar claims insufficiently complex to justify the appointment of pro bono counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (affirming the district court's denial of trial counsel where the prisoner brought an Eighth Amendment claim against a correctional officer who "purposely closed a food-slot door on [plaintiff's] hand" because the issues raised were "not of substantial complexity" to warrant the appointment of discretionary counsel); *Courson v. Chochran*, No. 08-cv-871 JAH (WMc), 2009 WL 10725719, at *1 (S.D. Cal. Nov. 2, 2009) ("Plaintiff's claims of physical abuse by a San Diego Sheriff's Deputy are not sufficiently 'complex' or unique to warrant appointment of counsel."). Further, as Defendants note, discovery was completed while Plaintiff had counsel, there are no dispositive motions for Plaintiff to respond to, and Plaintiff has been able to sufficiently articulate his arguments in the instant motion and in his supplemental brief. Accordingly, exceptional circumstances do not warrant the appointment of counsel in this case. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).[1]

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for appointment of counsel. Accordingly, the Court **ORDERS** as follows:

- Within **ten (10) calendar days of the date of this Order**, the parties must jointly contact the assigned magistrate judge to schedule a mandatory settlement conference at the convenience of the assigned magistrate judge.
- Further, within **fourteen (14) calendar days of scheduling the mandatory settlement conference with the assigned magistrate judge**, the parties must:
  - <u>Meet and confer in person</u> to ensure that Plaintiff has access to, or copies of, all discovery materials; and

---

[1] Because the Court finds that exceptional circumstances do not warrant the appointment of counsel, the Court need not address Plaintiff's indigency.

- File on the docket a joint proposed pretrial scheduling order.

Upon review of the proposed pretrial scheduling order, the Court will issue a final pretrial scheduling order in due course.

**IT IS SO ORDERED.**

Dated: February 12, 2020

HON. MICHAEL M. ANELLO
United States District Judge